# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA JOLLA COVE INVESTORS, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GOCONNECT LIMITED, an Australian corporation, and DOES 1–10, inclusive,<br><br>Defendant. | CASE NO. 11CV1907 JLS (JMA)<br><br>**ORDER DENYING LA JOLLA COVE'S APPLICATION FOR PRELIMINARY INJUNCTION**<br><br>(ECF No. 35) |

Presently before the Court is Plaintiff La Jolla Cove Investors, Inc.'s ("La Jolla Cove") renewed application for preliminary injunction. (Renewed Appl. Prelim. Inj., ECF No. 35) Also before the Court are Defendant GoConnect Limited's ("GoConnect") response in opposition, (Resp. in Opp'n, ECF No. 40), and La Jolla Cove's reply in support, (Reply in Supp., ECF No. 41). The Court heard oral argument on May 3, 2012, and the matter was thereafter taken under submission. Having considered the parties' arguments and the law, the Court **DENIES** La Jolla Cove's application.

## BACKGROUND

**1. Factual Background**

The instant request for a preliminary injunction arises out of a dispute between La Jolla Cove, a San Diego–based investment fund, and GoConnect, an Australian-based global media communications company. (Second Amended Complaint ("SAC") ¶¶ 1–2, ECF No. 32) In December 2010, the parties entered into a funding agreement whereby La Jolla Cove loaned

GoConnect a total of $1,250,000.  (*Id.* ¶ 8)  Pursuant to that agreement, La Jolla Cove had the option to convert the debt into common shares of GoConnect's stock.  (*Id.* ¶ 9)

Between December 7, 2010, and April 13, 2011, GoConnect honored conversions and La Jolla Cove converted debt into approximately 30 million GoConnect shares (or, an amount equal to an aggregate principal amount of $675,887).  (*Id.* ¶ 12); (Resp. in Opp'n 2, ECF No. 40)  But, in June and September 2011, La Jolla Cove sought additional conversions, which GoConnect refused and continues to refuse to issue.  (SAC ¶¶ 13–16, ECF No. 32)  Hence the instant suit.

**2. Procedural Background**

La Jolla Cove filed its original complaint on August 23, 2011, (Compl., ECF No. 1), and a first amended complaint ("FAC") on January 6, 2012, (FAC, ECF No. 23).  The FAC asserted claims for breach of contract, specific performance, and conversion.  On January 10, 2012, La Jolla Cove filed an application for preliminary injunction, requesting "an order pending final determination of this action, directing GoConnect to deliver immediately at least 40,239,605 shares of GoConnect's common stock to La Jolla Cove . . . and to honor all future conversion requests."  (Original Appl. Prelim. Inj. 1, ECF No. 24)  Soon thereafter, GoConnect filed a motion for judgment on the pleadings as to the specific performance and conversion claims.  (Mot. J. on Pleadings, ECF No. 28)

Before the Court issued a ruling as to either party's motion, however, the parties filed a joint stipulation for La Jolla Cove to file the operative SAC, which the Court granted.  (Order, Feb. 24, 2012, ECF No. 33)  The SAC dropped the specific performance and conversion claims, and so only the breach of contract claim remains.  (SAC, ECF No. 32)  Noting that an amended complaint supersedes any previous complaint, the Court denied the pending motions as moot, but permitted La Jolla Cove to refile its motion for a preliminary injunction, directing it to "address[] how the amendments impact the relief requested."  (Order, Feb. 24, 2012, at 2, ECF No. 33)

La Jolla Cove filed its renewed application for preliminary injunction on February 29, 2012, again requesting "an order pending final determination of this action, directing GoConnect to deliver immediately at least 42,307,692 shares of GoConnect's common stock to La Jolla Cove . . . and to honor all future conversion requests."  (Renewed Appl. Prelim. Inj. 1, ECF No.

1 | 35) GoConnect opposed on March 15, 2012, (Resp. in Opp'n, ECF No. 40), and La Jolla Cove
2 | replied on March 22, 2012, (Reply in Supp., ECF No. 41).

## LEGAL STANDARD

A preliminary injunction is an equitable remedy aimed at preserving the status quo and at preventing the occurrence of irreparable harm during the course of litigation. *See* Fed. R. Civ. P. 65. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)); *see also Am. Trucking Ass'ns, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009).

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. This "clear showing" requires the plaintiff to show more than a mere "possibility" of irreparable harm; instead, he must "demonstrate that irreparable injury is *likely* in the absence of an injunction." *Id.* at 22; *Am. Trucking*, 559 F.3d at 1052.

## ANALYSIS

**1. Impact of Amendments on Requested Relief**

In response to the Court's direction to address how the recent amendments to its complaint impacted the relief requested in the application for a preliminary injunction, La Jolla Cove stated only that "[t]he withdrawal of two of La Jolla Cove's claims do (sic) not affect its argument that it is entitled to the entry of a preliminary injunction," (Renewed Appl. Prelim. Inj. 2, ECF No. 35), and that "La Jolla Cove can secure full and complete relief under its remaining cause of action and the amendment in no way affects the merits of La Jolla Cove's Application," (*id.* at 5 n.2), with no supporting argument.

GoConnect did address the Court's concern on this point, asserting that because the SAC contains no request for injunctive relief or for the issuance of shares, the application should be denied. (Resp. in Opp'n 9–10, ECF No. 40) Indeed, in its prayer for relief in the SAC, La Jolla

1 Cove seeks only "compensatory damages, including loss of profits," (SAC ¶ 23, ECF No. 32), and
2 makes no request for injunctive relief.  And, since La Jolla Cove dropped the claim for specific
3 performance, there is also no request for the issuance of shares.

4       Finally addressing the issue in its reply brief, La Jolla Cove argues that the Court has the
5 authority to issue a preliminary injunction in a situation where, as here, only money damages are
6 sought, but money damages would be inadequate due to a defendant's impending insolvency.
7 (Reply in Supp. 1–2, ECF No. 41 (citing *In re Estate of Ferdinand Marcos, Human Rights Litig.*
8 (*Marcos*), 25 F.3d 1467, 1480 (9th Cir. 1994))  La Jolla Cove is correct that a preliminary
9 injunction may generally be awarded in these circumstances, but fails to address whether the *type*
10 of relief it seeks in its preliminary injunction—namely, the issuance of shares (essentially, specific
11 performance)—may be issued.

12       The Ninth and several other circuits have held "that a district court has authority to issue a
13 preliminary injunction where the plaintiffs can establish that money damages will be an inadequate
14 remedy due to impending insolvency of the defendant or that defendant has engaged in a pattern of
15 secreting or dissipating assets to avoid judgment." *Id.*  In these types of cases, however, the
16 injunction issued is "designed to freeze the status quo and protect the damages remedy."
17 *Teradyne, Inc. v. Mostek Corp.*, 797 F.2d 43, 52 (1st Cir. 1986).  So, for example, a defendant
18 might be enjoined from transferring or secreting its assets during the litigation, *Marcos*, 25 F.3d at
19 1480, or its profits may be segregated and it may be enjoined from making any non-court-
20 approved expenditures, *Red Head, Inc. v. Fresno Rock Taco, LLC*, No. 08-5703, 2008 U.S. Dist.
21 LEXIS 106408, at *3 (N.D. Cal. Dec. 31, 2008).

22       But here, La Jolla Cove is not requesting that the Court merely prevent GoConnect's assets
23 from dissipation in order to protect La Jolla Cove's access to any ultimate monetary judgment that
24 might be awarded in its favor.  Instead, La Jolla Cove seeks the issuance of shares to it *now*.  La
25 Jolla Cove has provided no authority for the propriety of this request, and the Court considers such
26 an outcome to be inequitable.  Protection of a defendant's assets so they will be available at the
27 end of the litigation is one thing; requiring a defendant to hand those assets over to the plaintiff at
28 the start of the litigation is entirely another.

1    Even if the Court did not have concerns with regard to the *type* of relief La Jolla Cove
2 requests, a preliminary injunction is not warranted in this context more generally because La Jolla
3 Cove has not established the impending insolvency of GoConnect.  *See infra* 7–8; *Marcos*, 25 F.
4 3d at 1480.

5 **2. Preliminary Injunction**

6    GoConnect opposes La Jolla Cove's application primarily on the basis that La Jolla Cove
7 fails to demonstrate a likelihood of irreparable harm.  Because the Court agrees with GoConnect, it
8 discusses only that element here.

9    "Irreparable harm is the single most important prerequisite for the issuance of a
10 preliminary injunction. . . . Accordingly, the moving party must first demonstrate that such injury
11 is likely before the other requirements for the issuance of an injunction will be considered."
12 *Freedom Holdings, Inc. v. Spitzer*, 408 F.3d 112, 114 (2d Cir. 2005) (internal quotation marks
13 omitted).  "[E]conomic injury alone does not support a finding of irreparable harm, because such
14 injury can be remedied by a damage award." *Rent-A-Center, Inc. v. Canyon Television &
15 Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991) (citing *L.A. Memorial Colliseum
16 Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980)); *accord Cal. Pharmacists
17 Ass'n v. Macwell-Jolly*, 563 F.3d 847, 852 (9th Cir. 2009) ("[E]conomic damages are not
18 traditionally considered irreparable because the injury can be later remedied by a damage
19 award.").

20    Here, La Jolla Cove argues that it will suffer an irreparable injury absent preliminary
21 injunctive relief for four reasons: (1) the funding agreement included a clause stating that any
22 breach would cause irreparable harm, (Renewed Appl. Prelim. Inj. 7, ECF No. 35); (2) GoConnect
23 is unlikely to be able to satisfy any damages awarded at the end of the litigation due to its
24 impending insolvency, (*id.* at 8–9); (3) the calculation of damages will be difficult, (*id.* at 9–10);
25 and (4) money damages are inadequate in this context, (*id.* at 10–11).  The Court considers each
26 argument in turn.
27 //
28 //

### A. *Contractual Agreement of Irreparable Harm*

Paragraph 14.6 of the funding agreement, titled "Remedies," provides:

> (a) [GoConnect] acknowledges that a breach by it of its obligations under the terms of this Agreement will cause irreparable harm to [La Jolla Cove], by vitiating the intent and purpose of the transaction contemplated.
>
> (b) Accordingly, [GoConnect] acknowledges that the remedy at law for a breach of its obligations under this Agreement will be inadequate and agrees, in the event of a breach or threatened breach by [GoConnect] of the provisions of this Agreement, that [La Jolla Cove] shall be entitled to all other available remedies at law or in equity, and in addition to the penalties assessable, to an injunction or injunctions restraining, preventing or curing any breach of this Agreement and to enforce specifically the terms and provisions, without the necessity of showing economic loss and without any bond or other security being required.

(Decl. of Travis Huff ISO Renewed Appl. Prelim. Inj. ("Huff Decl.") Ex. A, at 34, ECF No. 35-3)[1] La Jolla Cove contends that this provision either entitles it to the equitable relief it seeks, or at the very least "is a relevant fact for the Court to consider in finding irreparable harm." (Renewed Appl. Prelim. Inj. 8 n.3, ECF No. 35 (citing *Markovits v. Venture Info Capital, Inc.*, 129 F. Supp. 2d 647, 661 (S.D.N.Y. 2001)))

This Court agrees with other district courts in this circuit and "gives little weight to the clause in the [funding agreement] that pre-declares that any breach of the Agreement will result in irreparable harm." *Riverside Publ'g Co. v. Mercer Publ'g LLC*, No. C11-1249, 2011 WL 3420421, at *8 (W.D. Wash. Aug. 4, 2011) (citing cases in other circuits declining to presume irreparable harm based on a contract clause); *see also Valeo Intellectual Property, Inc. v. Data Depth Corp.*, 368 F. Supp. 2d 1121, 1128 (W.D. Wash. 2005).[2] To meet this prong of the four-factor test, La Jolla Cove must actually demonstrate a likelihood of irreparable harm; pointing to a contractual concession is insufficient.

---

[1] Pin cites to pages in the exhibits correspond to the page numbers assigned by CM/ECF.

[2] La Jolla Cove also points to a Second Circuit decision, *Ticor Title Ins. Co. v. Cohen*, 173 F.3d 63, 69 (2d Cir. 1999), which states that a contractual provision conceding irreparable harm upon breach "might arguably be viewed as an admission by [defendant] that plaintiff will suffer irreparable harm were he to breach." This case was decided prior to the Supreme Court's decision in *Winter*, which emphasized the need for a plaintiff to "demonstrate a likelihood of irreparable injury—not just a possibility—in order to obtain preliminary relief." *Winter*, 555 U.S. at 21. By extension of the reasoning in *Winter*, the Court finds the view in *Ticor Title* that a contractual provision could serve as an admission of irreparable harm unsound.

***B. GoConnect's Financial Condition***

La Jolla Cove contends that it "will suffer irreparable harm if the requested injunctive relief is not awarded because GoConnect is unlikely to be able to satisfy any ultimate damages award at the end of this litigation." (Renewed Appl. Prelim. Inj. 8, ECF No. 35)  As the Court has noted, the Ninth Circuit has held that "a district court has authority to issue a preliminary injunction where the plaintiffs can establish that money damages will be an inadequate remedy due to impending insolvency of the defendant." *Marcos*, 25 F.3d at 1480.

Specifically, La Jolla Cove points to GoConnect's June 2011 Annual Report, (Huff Decl. Ex. F, ECF No. 35-8), and GoConnect's September 2011 Quarterly Report, (*id.* Ex. G, ECF No. 35-9), asserting that these reports show "GoConnect is not financially stable and is likely to be unable to pay any ultimate damages award in this matter." (Renewed Appl. Prelim. Inj. 9, ECF No. 35).[3]  By selectively quoting incomplete passages from these reports, La Jolla Cove indeed makes it appear that GoConnect is on the brink of insolvency.  But the Court's own review of these documents convinces it otherwise.

In the Annual Report, GoConnect indicates that although it "experienced operating losses of $3,440,998 and negative operating cash flows during the financial year ended 30 June 2011," since the end of the financial year GoConnect "raised $230,000 capital, [wa]s in the process of raising additional capital and ha[d] a $1,137,331 unused finance facility available at call." (*Id.* Ex. F, at 33, ECF No. 35-8)  Further, the report indicates that GoConnect directors were confident they would be successful in generating additional revenue and capital, and in receiving continuing financial support, such that, "coupled with post year end capital raising, availability of finance facilities and deferment of payment of liabilities," they anticipated the continued viability of the company. (*Id.* at 34)  And although GoConnect's accumulated losses from 1999 to 2011 are over

---

[3] Just prior to the date this matter was set for a hearing, La Jolla Cove also submitted GoConnect's April 30, 2012, quarterly report, requesting that the Court take judicial notice of the document. (Req. Judicial Notice ("RJN"), ECF No. 45)  GoConnect does not oppose the Court's taking judicial notice of the document. (Resp. to RJN, ECF No. 46)  The Court allowed both parties to address the content of the report at oral argument, and has independently reviewed it.  Having considered this updated report of GoConnect's financial status, however, the Court's position is unchanged.

AU$40,000,000, the financial report shows a positive net worth of AU$934,907. (*Id.* at 23)

Moreover, in the Quarterly Report, GoConnect indicated that it had "restructure[d] the group's work force, resulting in reduction in overheads in the GoConnect group of companies." (*Id.* Ex. G, at 1, ECF No. 35-9) Though, as La Jolla Cove characterizes it, GoConnect "laid off 30 employees in the most-recent quarter," (Renewed Appl. Prelim. Inj. 8, ECF No. 35), this downsizing resulted in a "[t]otal reduction in staff overheads on an annualized basis [of] over $500,000," (Huff Decl. Ex. G, at 1, ECF No. 35-9). Additionally, the Quarterly Report optimistically states that "[t]he revenue anticipated from the expanded range of media products of the Company, the $1 million capital raised during the September quarter and in October 2011 . . . , together with the credit facility available, are expected to be sufficient to cover expenses over the next two quarters." (Huff Decl. Ex. G, at 3, ECF No. 35-9)

In sum, the Court is not convinced that La Jolla Cove has crossed the threshold from demonstrating a mere possibility to demonstrating the likelihood that GoConnect will soon be insolvent such that money damages would be inadequate. Thus, La Jolla Cove has failed to establish irreparable harm by virtue of GoConnect's financial condition.[4]

*C. Calculation of Damages*

La Jolla Cove next contends that because "[i]t will be extremely difficult, if not impossible, to calculate with any certainty the damages resulting from GoConnect's failure to deliver stock," a preliminary injunction is favored. (Renewed Appl. Prelim. Inj. 9, ECF No. 35) Specifically, accordingly to La Jolla Cove, the fluctuation in GoConnect's share price, combined with the uncertainty of when "La Jolla Cove would have tendered additional conversion notices or would have attempted to sell its shares of GoConnect in the market" makes an accurate calculation of damages difficult. (*Id.* at 10)

//

---

[4] Additionally, GoConnect suggests that its depressed share price is not a reflection of the company's viability, but instead was a result of La Jolla Cove's mass selling of GoConnect's shares, thereby driving the share price down. (Resp. in Opp'n 6–7, ECF No. 40) Indeed, GoConnect predicts that if the preliminary injunction were to issue, "La Jolla Cove would immediately dump [the shares] on the market and, as before, drive down the company's shares to dangerously low levels." (*Id.* at 20)

1    GoConnect asserts not only that La Jolla Cove's argument on this point lacks merit, but goes even further to argue that La Jolla Cove would not be entitled to specific performance with respect to publicly traded shares. (Resp. in Opp'n 10–11, ECF No. 40) Specifically, GoConnect cites to California case law indicating that "specific performance will not be enforced of an agreement for the transfer of stock, on the principle that damages are a sufficient satisfaction." *Treasurer v. Commercial Coal Mining Co.*, 23 Cal. 390, 392 (1863) ("This rule applies more particularly to public stocks, such as are commonly bought and sold in the market."). According to GoConnect, this case law calls into question La Jolla Cove's claim of difficulty in calculating damages.

Here, the value of the stock in GoConnect is easily ascertainable; indeed, La Jolla Cove attaches as an exhibit to its motion a chart tracking GoConnect's stock price from June 2, 2011, to December 14, 2011. (Huff Decl. Ex. H, ECF No. 35-10) Moreover, even if the stock is projected to increase in value or has increased in value since La Jolla Cove tendered its conversion notices to GoConnect, "the well-established rule under California law is that damages are determined at the time of the breach." *La Jolla Cove Investors, Inc. v. Sultan Corp.*, No. 11cv1628, 2011 U.S. Dist. LEXIS 119744, at *5–6 (S.D. Cal. Oct. 17, 2011) (citing *Caminetti v. Pac. Mut. Life Ins. Co.*, 142 P.2d 741, 745 (Cal. 1943); Cal. Civil Code § 3300)). Accordingly, the Court does not find that the ultimate calculation of damages in this action would be so difficult that a preliminary injunction is warranted on this basis.

### D. Adequacy of Money Damages

Finally, La Jolla Cove points to district court cases in other circuits for the proposition that "[m]oney damages are not an adequate remedy for the failure of a corporation to meet its obligations under the terms of its securities." (Renewed Appl. Prelim. Inj. 10, ECF No. 35) Those Courts have held that "[c]ompelling compliance rather than simply awarding damages reinforces the sanctity of bargains between corporations and creditors and investors." (Huff Decl. Ex. I, at 9, ECF No. 35-11 (transcript from *Longview Special Fin., Inc. v. Infinium Labs., Inc.*, No. 06 Civ. 1772 (RJH) (S.D.N.Y. Nov. 29, 2006)))

//

*Longview* and the other cases cited to by La Jolla Cove are not binding on this Court, however, and in any event they are easily distinguishable. In *Longview*, the Court found a preliminary injunction warranted for the additional reasons that there was a contractual provision conceding irreparable harm and that the defendant was insolvent. (*Id.* at 8–9) By contrast here, the Court is reluctant to give the contractual concession much, if any, weight in light of *Winter*, and La Jolla Cove has not made an adequate showing of GoConnect's insolvency. The additional cases La Jolla Cove cites to are distinguishable for similar reasons. (*See* Renewed Appl. Prelim. Inj. 12–13, ECF No. 35) Moreover, GoConnect cites to other cases coming out of the Southern District of New York denying injunctive relief in circumstances that are far more similar to those of this case. *See, e.g.*, *Tula Business, Inc. v. Med. Indus. of Am., Inc.*, No. 97 Civ. 0847, 1997 WL 68565, at *1 (S.D.N.Y. Feb. 18, 1997); *Laurus Master Fund, Ltd. v. Valcom, Inc.*, No. 02 Civ. 1480, 2002 WL 432686, at *2–3 (S.D.N.Y. Mar. 19, 2002). Thus, La Jolla Cove's citations do nothing to alter the Court's conclusion that money damages are adequate here.

## CONCLUSION

For the reasons stated above, the Court **DENIES** La Jolla Cove's application for a preliminary injunction.

**IT IS SO ORDERED**.

DATED: May 4, 2012

Honorable Janis L. Sammartino
United States District Judge